UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD M. TALBERT, #1150117,

        Petitioner,

v.                                     ACTION NO. 2:13cv199

HAROLD CLARKE, Dir. VDOC,

        Respondent.

## FINAL ORDER

Petitioner, previously a Virginia inmate, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), along with a Motion for the Judicial Notice of Petitioner's Assertion of His Actual Innocence in Accordance with 28 U.S.C. § 2254 (ECF No. 2). The Petition alleges violation of federal rights pertaining to Petitioner's convictions on March 22, 2010, in the Circuit Court for the County of Middlesex, for speeding, refusal to submit to a blood/breath test, driving under the influence, and assault. As a result of the convictions, Petitioner was sentenced to serve three years and nine months in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia for report and recommendation. The Report and Recommendation, filed January 27, 2014, recommends that Petitioner's motion for judicial notice of actual innocence be denied, Respondent's motion to dismiss be granted, Petitioner's petition for writ of habeas corpus be denied, and the claims be dismissed with prejudice. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On February 6, 2014, the court received Petitioner's objections to the Report and Recommendation. ECF No. 29. The court makes a de nova review with respect to these objections.

Petitioner's objections focus primarily on the law enforcement officer's failure to give *Miranda* warnings to Petitioner prior to requiring Petitioner to take a breath test. Obj. 5-14. Petitioner raised this issue in Claims (109)-(112). As stated in the Report and Recommendation, these claims are procedurally defaulted. Report and Recommendation 15-16.

Further, Petitioner argues his appellate counsel's failure to raise this issue on appeal was ineffective assistance of counsel, and constitutes "cause" to excuse Petitioner's procedural default. Obj. 17-19. Appellate counsel has the discretion to determine the issues to raise on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). As discussed in the Report

2

and Recommendation, the court finds that the Supreme Court of Virginia reasonably applied the holding in *Jones v. Barnes* to this case, and Petitioner has not shown he was denied effective assistance of appellate counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Report and Recommendation 26-27. Consequently, appellate counsel's failure to raise the issue on appeal does not constitute "cause" to excuse Petitioner's procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Next, Petitioner correctly notes the Report and Recommendation failed to address Ground (2), raised in Petitioner's form petition. Obj. 17. In Ground (2), Petitioner asserts he was denied due process, when he was denied a full and fair hearing to litigate his Fourth Amendment claim in state court. Form Pet. 7. Ground (2), however, is procedurally defaulted, because it was not brought as a separate claim in the state courts, and any attempt to raise it now would be barred as untimely under Virginia Code § 8.01-675.3, and as a successive petition under Virginia Code § 8.01-654(B)(2). *See* Va. Sup. Ct. R. 5A:6; *see also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). This court cannot consider claims that would now be procedurally defaulted in state court. *Teague v. Lane*, 489 U.S. 288, 298 (1989). Accordingly, Ground (2) is DENIED as procedurally defaulted. Additionally, the court notes that

3

review of the Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner has offered no facts to support his contention that he did not have the opportunity for full and fair litigation of the claim in state court.

The court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed January 27, 2014. It is, therefore, **ORDERED** that Petitioner's Motion for Judicial Notice of Actual Innocence (ECF No. 2) be **DENIED**; Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED**; and Petitioner's petition for writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED**. It is further **ORDERED** that judgment be entered in favor of Respondent.

Specifically, Grounds (1) and (2) are **DENIED** because they were not raised before the Supreme Court of Virginia, and would be procedurally defaulted in state court if raised now, and thus Grounds (1) and (2) are simultaneously exhausted and procedurally defaulted.

Claims (1) through (39), claim (40)(a), claims (41) through (48), claim (49)(a), claims (50) through (67), claims (69)

4

through (71), claim (81), claim (84), claim (87)(a), claim (89), claim (92)(a), and claims (100) through (112) are **DENIED** because the claims are procedurally defaulted, and Petitioner's actual innocence claim does not provide a gateway through which this court can review his claims that were procedurally defaulted in state court.

Claims (40)(b), (49)(b), (75) through (80), (82), (83), (85), (86), (87)(b), (88), (90), (92)(b), (93) through (95), (97) through (99), and (113)[1] are **DENIED** because the Supreme Court of Virginia's dismissal of these ineffective assistance of counsel claims was not contrary to or an unreasonable application of *Strickland*, and did not rest upon an unreasonable finding of facts.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right and, therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United

---

[1] There are no substantive claims in the petition numbered 68, 72-74, 91, or 96.

States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

                                                  /s/
                                      Rebecca Beach Smith
                                            Chief
                                    United States District Judge

Norfolk, Virginia
February 18, 2014